## Huff v. Hartlieb.

*Life insurance — Beneficiaries — Single man marries and names wife as beneficiary — Divorce and remarriage of husband — Beneficiary not changed in policy — First wife entitled to proceeds, when.*

An insurance policy was issued to a single man, made payable to his executors or assigns. After marriage of the insured the beneficiary was changed to "Elizabeth L. Hartlieb, beneficiary, wife of the insured, * * * or, if the insured survive the last mentioned beneficiary, to the executors," etc., of the insured. Thereafter they were divorced, the wife being restored to her maiden name, Elizabeth L. Huff, and the husband remarrying. *Held:* There being no extrinsic evidence of the insured's intention, Elizabeth L. Huff, the person described in the policy, is entitled to the proceeds of said policy. The words "wife of the insured" will be construed as descriptive only of the person named in the policy.

(Decided November 26, 1920.)

Error: Court of Appeals for Cuyahoga county.

*Messrs. Friebolin & Byers,* for plaintiff in error.

*Messrs. Bernsteen & Bernsteen* and *Mr. David Perris,* for defendant in error.

Washburn, J. This case was submitted in the court below on an agreed statement of facts, and from that it appears that Amon Hartlieb, while a single man, took out a policy of insurance in the Prudential Insurance Company of America, naming as beneficiary "the executors, administrators or assigns, of the insured." Later he married, and, with the consent of the insurance company, the name of the beneficiary in said policy was changed, the notation on the policy being:

"At the request of the insured under the above policy, it is specially agreed that the amount of insurance payable under the said policy shall be paid unto Elizabeth L. Hartlieb, beneficiary, wife of the insured, and not as heretofore provided, or, if the insured survive the last mentioned beneficiary, to the executors, administrators or assigns of the insured."

Thereafter, Elizabeth L. Hartlieb and Amon Hartlieb were divorced, and he then married plaintiff below, Ellen Hartlieb. In the divorce proceedings the first wife was restored to her maiden name, and she appears in this case under the name of Elizabeth L. Huff, claiming to be the beneficiary under said policy. Her identity as the woman who was the first wife of Amon Hartlieb is one of the agreed facts.

The insurance company admitted liability on the policy, and filed an interpleader asking to be permitted to pay the money into court, and setting up the claim of Elizabeth L. Huff, who, by proper proceedings, was made a party to the suit, and issue was thereupon joined between Elizabeth L. Huff, the first wife of Amon Hartlieb, and Ellen Hartlieb, the wife of Amon Hartlieb at the time of his death and the executrix of his estate.

The court below found that the funds were payable to Ellen Hartlieb, and the matter is now before this court on error.

The agreed statement of facts is silent as to who paid the premiums on the policy after the divorce of the first wife, or as to whether or not there was any attempt on the part of the husband to change the beneficiary. The decision of the case turns upon

the construction to be given to the language used in changing the beneficiary. That provided that the insurance was to be paid to "Elizabeth L. Hartlieb, beneficiary, wife of the insured." It is conceded that Elizabeth L. Huff was the then wife of Amon Hartlieb, and that at the time of his death she was not such wife.

It is contended that the words in said change of beneficiary, "wife of the insured," were words merely of description, and that the real beneficiary was Elizabeth L. Hartlieb, and that as there has been no change of beneficiary she is entitled to the proceeds of the policy, as Elizabeth L. Huff.

On the other hand, it is claimed that the real beneficiary was not Elizabeth L. Hartlieb, but was the *wife* of the insured, that the husband survived such beneficiary, that is, the relationship between him and his first wife, and therefore Ellen Hartlieb as his wife at the time of his death, or as executrix of his estate, is entitled to the funds.

The construction of the policy last contended for is based upon the supposed intention of the husband, it being claimed that the court is justified in drawing the conclusion that it was his intention to have the policy payable to his then wife provided she remained his wife until the time of his death. As has been said, the agreed statement of facts does not disclose who paid the premiums on the insurance after the divorce, nor does it disclose that any attempt was made by Amon Hartlieb to change the beneficiary under the policy, and we think that his intention one way or the other is not sufficiently disclosed by the evidence to warrant the court in

attaching to such intention a controlling influence in the construction of this policy, and we further think that the language of the policy under the authorities admits of but one construction, and that is that Elizabeth L. Hartlieb is described and specifically named as the beneficiary, and that the language of the policy stating the conditions under which the proceeds should be paid to someone else, to-wit, "if the insured survive the last mentioned beneficiary," means if the husband survive Elizabeth L. Hartlieb, and not if he survive the relationship of husband and wife existing between himself and Elizabeth L. Hartlieb; that the words "wife of the insured," following the words "Elizabeth L. Hartlieb, beneficiary," are words of description only, that is, that the beneficiary was the person, and the description of her status a mere identification of her person; and that the fact that the description did not apply to her person at the date of his death is immaterial.

It follows that Elizabeth L. Huff, the person described in said policy as beneficiary, is entitled to the proceeds of said policy, and that the court below erred in its judgment awarding the funds to another.

The case having been submitted upon an agreed statement of facts, it is the duty of this court to render the judgment that should have been rendered in the court below, to-wit, one awarding the funds to Elizabeth L. Huff, and a journal entry may be drawn accordingly.

*Judgment for plaintiff in error.*

Dunlap, P. J., and Vickery, J., concur.